IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:20CR395 |
| | ) | |
| Plaintiff, | ) | JUDGE SARA E. LIOI |
| | ) | |
| v. | ) | |
| | ) | |
| WILLIAM ADAMSON, | ) | <u>GOVERNMENT'S MOTION TO</u> |
| | ) | <u>REVOKE DEFENDANT WILLIAM</u> |
| Defendant. | ) | <u>ADAMSON'S BOND</u> |
| | ) | |

The United States of America, by and through its counsel, Dawn N. Ison, United States Attorney for the Eastern District of Michigan, and Megan R. Miller and Vanessa V. Healy, Assistant United States Attorneys for the Northern District of Ohio, hereby moves this Court to revoke Defendant William Adamson's bond pursuant to 18 U.S.C. §§ 3143 and 3148. The government further requests that this Court hold a bond revocation hearing on the government's motion for revocation on December 9, 2022, at 9:00 a.m.

18 U.S.C. § 3143 creates a statutory presumption for detention pending sentence. Specifically, § 3143 provides, in pertinent part, that: "a judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence . . . be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) and (c)." On July 8, 2022, Defendant Adamson pleaded guilty to conspiracy to commit mail fraud and wire fraud in violation of 18 U.S.C. § 1349 pursuant to a

written plea agreement with the United States. (R. 207: Order, PageID 1137-38). On September 2, 2022, the Honorable Judge Sara Lioi accepted Magistrate Judge Amanda Knapp's report and recommendation of Defendant's guilt and ordered him adjudged guilty. (*Id.*). Accordingly, § 3143's statutory presumption of detention applies to Defendant Adamson unless and until the Court finds by clear and convincing evidence that Adamson is not likely to flee or pose a danger to the safety of any other person or the community if released.

Moreover, 18 U.S.C. § 3148 sets forth the sanctions for violation of a release condition. Section 3148(a) provides that "a person who has been released under section 3142 of this title, and who has violated a condition of his release, is subject to a revocation of release [and] an order of detention[.]" Under § 3148(b):

> The attorney for the Government may initiate a proceeding for revocation of an order of release by filing a motion with the district court. A judicial officer may issue a warrant for the arrest of a person charged with violating a condition of release, and the person shall be brought before a judicial officer in the district in which such person's arrest was ordered of a proceeding in accordance with this section. . . . The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer—
>
> (1) Finds that there is—
>
> ***
>
>     (B) clear and convincing evidence that the person has violated any other condition of release; and
>
> (2) finds that—
>
>     (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
>
>     (B) the person is unlikely to abide by any condition or combination of conditions of release.

18 U.S.C. § 3148(b).

The government respectfully moves for revocation of Defendant Adamson's bond under 18 U.S.C. §§ 3143 and 3148. On November 3, 2022, U.S. Pretrial and Probation Officer Alonda Garth submitted a Release Status Report to the Court ("Status Report").[1] The Status Report requested that the Court issue a warrant for Defendant Adamson's arrest due to his noncompliance with the conditions of his release. That same day, the Honorable Judge Sara Lioi issued the requested arrest warrant. Defendant Adamson was arrested on November 23, 2022, in the Northern District of Ohio, Eastern Division. Accordingly, the government now respectfully requests that the Court conduct a hearing on December 9, 2022, at 9:00 a.m. to address Defendant Adamson's alleged bond violation and the government's motion for revocation.

Respectfully submitted,

DAWN N. ISON
United States Attorney
Eastern District of Michigan

By: /s/ Megan R. Miller
Megan R. Miller (OH: 0085522)
Vanessa V. Healy (OH: 0092212)
Assistant United States Attorneys
Northern District of Ohio
United States Court House
801 West Superior Avenue, Suite 400
Cleveland, OH 44113
(216) 622-3855/3652
(216) 522-8355 (facsimile)
Megan.R.Miller@usdoj.gov
Vanessa.Healy@usdoj.gov

---

[1] The government understands that the Court and defense counsel previously received a copy of the Status Report. Because the Status Report was not publicly filed and contains potentially sensitive information about Defendant Adamson, the government has not attached the Status Report as an exhibit to the within motion. Nonetheless, should the Court or defense counsel require a copy of the Status Report, the government will provide one immediately upon request.